ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR REQUEST FOR AN OPINION IN WHICH YOU ASK, IN EFFECT, THE FOLLOWING QUESTION:
 UNDER WHAT CIRCUMSTANCES MAY THE DEPARTMENT OF CORRECTIONS OR ITS EMPLOYEES BE HELD LIABLE, EITHER IN TORT OR FOR ALLEGED CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C.A. 1983, FOR INJURIES TO INMATES INCARCERATED IN A PRIVATE PRISON OPERATED BY A PRIVATE ENTITY UNDER CONTRACT WITH THE DEPARTMENT?
BECAUSE OF THE MULTIPLICITY OF FACTUAL ISSUES WHICH COULD ARISE IN SUITS ARISING FROM PRIVATE PRISONS, IT IS INAPPROPRIATE TO ATTEMPT TO RESPOND TO YOUR QUESTION WITH A FORMAL OPINION. HOWEVER, THE ATTORNEY GENERAL WISHES TO GIVE YOU SOME GUIDANCE BASED UPON THE STATUTES OF OKLAHOMA AND GENERAL PRINCIPLES FOUND IN THE PERTINENT CASE LAW.
THEREFORE, WE HAVE COMPILED THIS INFORMAL LETTER RESPONSE, WHICH IS NOT A FORMAL OPINION OF THE ATTORNEY GENERAL.
WE CONSIDER SEPARATELY LIABILITY IN TORT AND IN CIVIL RIGHTS CASES FILED PURSUANT TO 42 U.S.C.A. 1983.
LIABILITY IN TORT
A. REGARDING THE DEPARTMENT OF CORRECTIONS. THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT, 51 O.S. 151 (1988) ET SEQ. GOVERNS THE TORT LIABILITY OF THE DEPARTMENT AS AN ARM OF THE STATE. IN THAT ACT, THE STATE OF OKLAHOMA HAS ADOPTED THE DOCTRINE OF SOVEREIGN IMMUNITY AND WAIVED THAT IMMUNITY ONLY TO THE EXTENT PROVIDED IN THE ACT. 51 O.S. 152.1 (1985).
THE ACT FURTHER PROVIDES:
153. LIABILITY — SCOPE — EXEMPTIONS-EXCLUSIVITY
 A. THE STATE OR A POLITICAL SUBDIVISION SHALL BE LIABLE FOR LOSS RESULTING FROM ITS TORTS OR THE TORTS OF ITS EMPLOYEES ACTING WITHIN THE SCOPE OF THEIR EMPLOYMENT SUBJECT TO THE LIMITATIONS AND EXCEPTIONS SPECIFIED IT THIS ACT AND ONLY WHERE THE STATE OR POLITICAL SUBDIVISION, IF A PRIVATE PERSON OR ENTITY, WOULD BE LIABLE FOR MONEY DAMAGES UNDER THE LAWS OF THIS STATE. THE STATE OR A POLITICAL SUBDIVISION SHALL NOT BE LIABLE UNDER THE PROVISIONS OF THIS ACT FOR ANY ACT OR OMISSION OF AN EMPLOYEE ACTING OUTSIDE THE SCOPE OF HIS EMPLOYMENT.
 B. THE LIABILITY OF THE STATE OR POLITICAL SUBDIVISION UNDER THIS ACT SHALL BE EXCLUSIVE AND IN PLACE OF ALL OTHER LIABILITY OF THE STATE, A POLITICAL SUBDIVISION OR EMPLOYEE AT COMMON LAW OR OTHERWISE. THUS, SUBJECT TO THE EXEMPTIONS AND LIMITATIONS OF THE ACT, THE STATE IS LIABLE ONLY FOR THE TORTS OF ITS EMPLOYEES ACTING WITHIN THE SCOPE OF THEIR EMPLOYMENT. THE ACT SPECIFICALLY STATES THAT THE DEFINITION OF AN "EMPLOYEE" DOES NOT MEAN A PERSON OR OTHER LEGAL ENTITY WHILE ACTING IN THE CAPACITY OF AN INDEPENDENT CONTRACTOR OR AN EMPLOYEE OF AN INDEPENDENT CONTRACTOR." 51 O.S. 152(5) (1990). THIS LANGUAGE COMPELS THE CONCLUSION THAT THE STATE, OR THE DEPARTMENT, CANNOT BE HELD LIABLE FOR TORTS COMMITTED BY INDEPENDENT CONTRACTORS SUCH AS A PRIVATE ENTITY OPERATING A PRISON AND ACCEPTING PRISONERS UNDER CONTRACT WITH THE DEPARTMENT. IN DRAFTING ANY CONTRACT WITH A PRIVATE PRISON OPERATOR, WE ADVISE THE DEPARTMENT TO REQUIRE EXPLICIT LANGUAGE STATING THAT THE PRIVATE PRISON OPERATOR IS AN INDEPENDENT CONTRACTOR OF THE DEPARTMENT, AND ACKNOWLEDGES ITSELF TO BE SUCH. FURTHER, THE ACT EXEMPTS THE STATE FROM LIABILITY FOR OPERATING PRISONS AND PROVIDES, IN PERTINENT PART:
155. EXEMPTIONS FROM LIABILITY
 THE STATE OR A POLITICAL SUBDIVISION SHALL NOT BE LIABLE IF A LOSS OR CLAIM RESULTS FROM:
 23. PROVISION, EQUIPPING, OPERATION OR MAINTENANCE OF ANY PRISON, JAIL OR CORRECTIONAL FACILITY, OR INJURIES RESULTING FROM THE PAROLE OR ESCAPE OF A PRISONER BY A PRISONER TO ANY OTHER PRISONER; PROVIDED, HOWEVER, THIS PROVISION SHALL NOT APPLY TO CLAIMS FROM INDIVIDUALS NOT IN THE CUSTODY OF THE DEPARTMENT OF CORRECTIONS BASED ON ACCIDENTS INVOLVING MOTOR VEHICLES OWNED OR OPERATED BY THE DEPARTMENT OF CORRECTIONS.
THUS, BOTH THE GENERAL LIMITATION OF THE ACT TO COMPENSATING FOR TORTS OF THE STATE'S EMPLOYEES, BUT NOT FOR TORTS OF INDEPENDENT CONTRACTORS, AND THE SPECIFIC EXEMPTION FROM LIABILITY FOR OPERATION OF PRISONS COMPEL THE CONCLUSION THAT THE DEPARTMENT CANNOT BE HELD LIABLE FOR TORTS OF A PRIVATE ENTITY OPERATING A PRIVATE PRISON AND ACCEPTING PRISONERS UNDER A CONTRACT WITH THE DEPARTMENT. B. REGARDING THE DEPARTMENT'S EMPLOYEES. THE ACT PROVIDES THAT:
 THE STATE, ITS POLITICAL SUBDIVISIONS, AND ALL OF THEIR EMPLOYEES ACTING WITHIN THE SCOPE OF THEIR EMPLOYMENT WHETHER PERFORMING GOVERNMENTAL OR PROPRIETARY FUNCTIONS SHALL BE IMMUNE FROM LIABILITY FOR TORTS.
51 O.S. 152.1(A). THUS, THE STATE HAS ADOPTED SOVEREIGN IMMUNITY FOR ITS EMPLOYEES AS WELL AS FOR ITSELF. ANOTHER SECTION OF THE TORT CLAIMS ACT WHICH MAKES IT CLEAR THAT THE ONLY PROPER PARTY TO SUCH AN ACTION IS THE STATE ITSELF IS 51 O.S. 163(C) WHICH PROVIDES:
 C. SUITS INSTITUTED PURSUANT TO THE PROVISIONS OF THIS ACT SHALL NAME AS DEFENDANT THE STATE OR THE POLITICAL SUBDIVISION AGAINST WHICH LIABILITY IS SOUGHT TO BE ESTABLISHED. IN NO INSTANCE SHALL AN EMPLOYEE OF THE STATE OR POLITICAL SUBDIVISION ACTING WITHIN THE SCOPE OF HIS EMPLOYMENT BE NAMED AS DEFENDANT WITH THE EXCEPTION THAT SUITS BASED ON THE CONDUCT OF RESIDENT PHYSICIANS AND INTERNS SHALL BE MADE AGAINST THE INDIVIDUAL CONSISTENT WITH THE PROVISIONS OF TITLE 12 OF THE OKLAHOMA STATUTES.
THUS, A TORT ACTION CANNOT BE BROUGHT AGAINST AN EMPLOYEE OF THE DEPARTMENT OF CORRECTIONS ACTING WITHIN THE SCOPE OF HIS OR HER EMPLOYMENT. "SCOPE OF EMPLOYMENT" MEANS PERFORMANCE BY AN EMPLOYEE ACTING IN GOOD FAITH WITHIN THE DUTIES OF HIS OFFICE OR EMPLOYMENT OR OF TASKS LAWFULLY ASSIGNED BY A COMPETENT AUTHORITY INCLUDING THE OPERATION OR USE OF AN AGENCY VEHICLE OR EQUIPMENT WITH ACTUAL OR IMPLIED CONSENT OF THE SUPERVISOR OF THE EMPLOYEE, BUT SHALL NOT INCLUDE CORRUPTION OR FRAUD. 51 O.S. 152(9) (1990)
** END OF PART I **